## REEVES & CO. v. JOWELL.

(Court of Civil Appeals of Texas. Amarillo. Oct. 14, 1911.)

1. PRINCIPAL AND SURETY (§ 172*)—SUIT BY SURETY FOR RELEASE—PARTIES.

The principal on a note was not a necessary party to a suit by the surety to be released from liability.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 495, 496; Dec. Dig. § 172.*]

2. EVIDENCE (§ 420*)—PAROL EVIDENCE AFFECTING NOTE—ADMISSIBILITY.

In a suit by the sureties on a note to be released from liability, introduction of written contracts between him and the principal did not preclude oral evidence for the surety, showing the conditions on which he signed.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1929–1944; Dec. Dig. § 420.*]

3. PRINCIPAL AND SURETY (§ 74*)—CONSIDERATION—CONDITIONS OF LIABILITY—SUFFICIENCY.

That the seller of machinery would not have sold, had the plaintiff not become surety on a note for part of the price, the buyer being insolvent, shows sufficient consideration for the seller's agreement that other notes giv-

---

en by the buyer should not mature before the particular note.

[Ed. Note.—For other cases, see Principal and Surety, Dec. Dig. § 74.*]

4. PRINCIPAL AND SURETY (§ 88*)—RELEASE OF SURETY—ALTERATION OF CONDITIONS.

Generally a surety is discharged by disregard of conditions imposed as security to himself.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. § 135; Dec. Dig. § 88.*]

5. PRINCIPAL AND SURETY (§ 99*)—NOTES—RELEASE OF SURETY.

The surety on one of several notes given for the price of machinery is entitled to discharge where a condition imposed by him that that note mature before the other notes was disregarded by the seller and the buyer making a new arrangement, to which the surety was not a party, whereby other notes matured first.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 158–161; Dec. Dig. § 99.*]

Appeal from District Court, Swisher County; L. S. Kinder, Judge.

Action by Gid Jowell against Reeves & Co. Judgment for plaintiff, and defendant appeals. Affirmed.

Turner & Wharton, for appellant. Martin & Zimmermann, for appellee.

HALL, J. Appellee, Gid Jowell, sued Reeves & Co., a corporation, praying to be relieved of liability upon a note executed by himself, as surety, and W. H. Knight, as principal, and to cancel a deed in trust, executed by appellee alone, to secure said note.

He alleged in substance that on or about the 16th day of October, 1908, Reeves & Co. contracted to sell W. H. Knight an engine and steam-plowing outfit for a consideration, among other things, of one note for $1,000, dated October 16, 1908, due on or before October 1, 1909, executed by the said Knight as principal, and by appellee as surety only, and secured by a deed in trust on section No. 34, block M8, the land being owned by plaintiff; also two other notes of the same date, one for $1,075, due on or before October 1, 1910, said last two notes being executed by the said Knight alone; that the said $1,000 note and deed in trust were executed and delivered by appellee with the express understanding and agreement that all other notes given by the said W. H. Knight for said outfit were not to become due and payable prior to said $1,000 note, and that said stipulation was made in order that the said W. H. Knight might have a chance to plow for plaintiff, and pay off said note by plowing before its maturity, and before Reeves & Co. would have an opportunity to foreclose upon any other indebtedness owing for said outfit; that it was expressly understood and agreed at the time of the execution of said note of $1,000 that the said Knight was insolvent, and the sale could not have been made without plaintiff's signature to said note; that plaintiff signed the same at the request of defendant's agent, who stated to plaintiff before he signed it that no indebtedness arising out of the transaction would mature prior to the maturity of said note, so signed by plaintiff as surety; that on the 20th day of October, 1908, appellant's agent and Knight made another and entirely different contract, without the knowledge or consent of plaintiff, under the terms of which an engine and steam-plowing outfit was sold to the said Knight by defendant; that under that contract four notes were given by the said Knight in addition to the $1,000 note above mentioned; that the four notes were each dated October 20, 1908, the first being for $537, due May 1, 1909, the second for a like amount, due September 1, 1909, and the other two being for $1,037.50 each, due May 1, 1910, and September 1, 1910, respectively; that the said $1,000 note upon which plaintiff was surety was delivered to the defendant by its agent as part of the consideration for the second sale, without the knowledge or consent of plaintiff and in fraud of his rights, and with full knowledge on the part of defendant and its agent of all the terms and conditions under which plaintiff executed the same; that plaintiff would not have signed said note under the terms and conditions of said second contract.

Appellant, Reeves & Co., answered by general demurrer, and specially excepted (1) because of the nonjoinder of W. H. Knight as a party defendant; (2) because the petition shows that the note had never been altered; (3) because the allegation of the alteration of the notes, signed by Knight alone, was immaterial and irrelevant; (4) that the allegation of the violation of the agreement as to the maturity of the notes is in effect a plea of failure of consideration, and is insufficient; (5) that the plea of failure of consideration shows no damages resulting to appellee; (6) that the petition fails to show that appellant has done anything to prevent Knight from plowing for appellee; and (7) because the pleading fails to show the breach of the agreement in a material part, and the extent of the loss sustained by appellant by reason of such breach. The answer further consists of general denial and special pleas; that the appellee knew of the change in the notes prior to the delivery of the property to Knight, and yet he elected to ratify the contract, and is estopped thereby; that with knowledge of the facts the appellee accepted the services of Knight in the breaking of certain land as payment on account of appellee signing the note; that prior to the time appellee signed said note he secured himself against loss by a contract with Knight to break land, the value of which services were sufficient to reimburse plaintiff for any sum he might have to pay by reason of having signed said note; and if the said Knight failed to break said land it was with the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

consent of plaintiff. The court overruled all of appellant's exceptions.

[1] The first assignment of error complains of the action of the court in overruling the plea in abatement on account of the nonjoinder of W. H. Knight as a party defendant. This assignment cannot be sustained. If the purpose of the suit had been to cancel the entire contract of sale, or even the note for $1,000, upon which appellee was surety, the contention of appellant might be sound. It is not a suit to cancel the note, however, but to relieve appellee of any liability thereon as surety. The court was not called upon to adjudicate the relative rights of Knight and Reeves & Co. as they existed under the original contract of sale between them, and their contract is in no way affected by the final judgment. Knight, as principal, as between himself and appellee, was primarily liable for the whole debt, regardless of the contract of suretyship, and if made a party defendant to this action he could not have set up any adverse rights to either party to the controversy. It affirmatively appears from the petition that Knight was actually insolvent. This fact, under article 1204, Sayles' Civil Statutes 1897, would relieve appellant from the necessity of making him a party to a suit on the note, and for the same reason he is not a necessary party to this suit. He was not interested in the subject-matter of the suit, and it does not appear from the petition that his rights might be affected in any measure by the final determination of the action.

[2] The fourth assignment is overruled because, according to the allegations in the petition, appellee did not seek to recover upon the theory that the appellant prevented Knight from doing certain plowing for plaintiff, but because his contract of suretyship had been altered without his knowledge or consent. The written contracts between Knight and appellee, relating to the plowing, were introduced in evidence by appellant, but their introduction did not preclude oral testimony on the part of appellee to show the conditions upon which the $1,000 note was executed, and the court did not err in refusing the special charges requested by appellant, limiting the evidence upon that point to that contained in the two written contracts.

[3] By the fifth assignment, appellant insists that there was no sufficient consideration shown for the agreement with appellee that the notes given by Knight should not be made to mature prior to the $1,000 note upon which appellee is surety. It appears from the evidence that on account of the insolvency of Knight appellant would not have consummated the sale without the security afforded by appellee's name on the $1,000 note and his lien given to secure it. If any consideration, other than the execution of the note itself, was required, this was sufficient to support appellant's undertaking

with reference to the maturity of the notes.

[4] Appellant's contention in the remaining assignments is in substance that the $1,000 note itself is the entire contract of suretyship, and since it has not been altered, and since there was no express consideration for the promise on the part of appellant's agent not to make any of the series of notes mature prior to the $1,000 note, appellee was not entitled to recover. The materiality of that condition of the contract between the parties, resting in parol, to the effect that the $1,000 note upon which appellee was surety should mature first, is apparent in the light of the testimony of the appellee that the purpose of such stipulation was to enable Knight to plow for him first, and thus pay off that note before appellant had a chance to sue and foreclose upon the remainder of the indebtedness. The general rule is that a surety who has entered into his contract under an agreement providing for a security for himself, and has annexed conditions, a failure of the creditor to comply with the agreement, or disregard of such conditions without his consent, releases the surety. 32 Cyc. 174. One of the essential elements of the contract of suretyship is the equity of the surety, which depends, not so much on his relations with the creditor, as on his right to indemnity from his principal, and the consequent obligation on the part of the creditor not to do any act by which this right might be prejudiced. The new notes, taken by the agent of appellant and made to mature prior to appellee's $1,000 note, stipulated that a failure to pay the first should mature the whole series at the option of the holder, thus making it possible upon the default of Knight to pay at maturity of the $537.50 note, due in May, 1909, to sue appellee and Knight for the entire debt, take the outfit from Knight's possession pending the foreclosure, and thus deprive the surety of the security afforded him by Knight's undertaking to plow for him.

[5] The record shows that four days after appellee executed the $1,000 note as surety, appellant's agent and Knight came to Amarillo, and without the knowledge or consent of appellee four new notes and a new order for the outfit were signed by Knight in lieu of the first ones executed by him, and that these four notes, together with the $1,000 note previously executed by appellee, constituted the consideration for the engine and outfit, and that appellee was not advised of this fact until some time in the month of May, following. It is clear that the execution of the new order for the machine and the new notes, payable in different amounts and at different times, was in effect the creation of a new contract, and resulted in the abrogation of the first. Appellee was not a party to this last transaction, and his lia-

bility as a surety upon the first ceased with the execution and delivery of the new contract in lieu of the original. Lane v. Scott, 57 Tex. 367; Clarke v. Cummings, 84 Tex. 610, 19 S. W. 798; Gardner v. Watson, 76 Tex. 25, 13 S. W. 39. The judgment of the lower court is affirmed.

GRAHAM, C. J., not sitting.